IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN O. MAYS,            )
                             )
         Plaintiff,          )
                             )
v.                           )
                             )    Case No: 22-cv-2354-JWB-TJJ
SABIN MLIVIC,                )
                             )
         Defendant.          )

## ORDER TO SHOW CAUSE

**TO PLAINTIFF BENJAMIN O. MAYS:**

Plaintiff, proceeding *pro se*, filed this action alleging his landlord violated a rental agreement, failed to give him monthly receipts, charged double rent, charged for gas bills, and threatened to evict him even when he paid his rent five months in advance. In conjunction with the filing of his civil complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted, but service of the summons and complaint was withheld pending review of whether the Court has subject-matter jurisdiction over this case.

Based upon its review of the Complaint Plaintiff filed on September 7, 2022, the Court finds that federal jurisdiction is not clearly stated on its face. Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1]  A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

in the absence of a challenge from any party,[2] and "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[3] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[4]

There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. For a federal court to have diversity jurisdiction, the plaintiff must show the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all plaintiffs and all defendants.[5] In this case, that means Plaintiff must allege that he and Defendant are "citizens of different States."[6]

In his Complaint, Plaintiff lists a Kansas City, Kansas address for both himself and Defendant. In the jurisdiction section of his Complaint, Plaintiff wrote "YES" in the blank for his citizenship and "Kansas" as the citizenship for Defendant. Plaintiff therefore has not established complete diversity of citizenship between himself and Defendant. In this instance, it appears unlikely that diversity jurisdiction exists for this case as both Plaintiff and Defendant are citizens of the same state.

---

[2] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] 28 U.S.C. § 1332(a).

[6] 28 U.S.C. § 1332(a)(1).

An alternate basis for subject-matter jurisdiction is federal-question jurisdiction, in which the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[7] For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and the plaintiff's cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action.[8]

From a review of Plaintiff's Complaint, it also appears unlikely that the Court has federal-question jurisdiction over Plaintiff's claims. Other than checking the box on the complaint form indicating that the "case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of the United States (28 U.S.C. 1343)," Plaintiff fails to allege any facts explaining how his civil rights were violated, or what protected right Defendant allegedly violated. The Court therefore cannot find that federal-question jurisdiction exists from the face of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Benjamin O. Mays is hereby required to show good cause in writing to the Honorable John W. Broomes, United States District Judge, on or before **October 14, 2022**, why this action should not be dismissed for lack of subject-matter jurisdiction.

---

[7] 28 U.S.C. § 1331.

[8] *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (citing *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808, 811-12 (1986)).

**IT IS FURTHER ORDERED** that a copy of this Order to Show Cause shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated September 14, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge