### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENJAMIN O. MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 22-cv-2354-JWB-TJJ |
| ) | |
| SABIN MLIVIC, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed this action against his landlord alleging violations of his rental agreement. This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3]   In determining whether to appoint counsel under § 1915(e)(1),

---

[1] *See* Order granting Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 5).

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kansas 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

In addition to these requirements, non-incarcerated plaintiffs in civil cases requesting the appointment of counsel must also show they have made reasonably diligent efforts under the circumstances to obtain an attorney to represent them. The Court typically requires the plaintiff to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion.

A review of Plaintiff's motion reveals that Plaintiff left blank the section where he is to list the names of attorneys he contacted regarding legal representation. The Court therefore finds that Plaintiff has not made an affirmative showing he made reasonable efforts or attempts to secure counsel prior to filing his motion for appointment of counsel. The Court will therefore deny his motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated September 14, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[4] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).